**The New York Times Company**

December 7, 2007

George Freeman
Vice President and
Assistant General Counsel

620 Eighth Avenue
New York, NY 10018

tel 212.556-1558
fax 212.556-4634

Hon. Arthur Spatt
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re: U.S. v. NYRA
         CR-01295 (ADS)

Dear Judge Spatt:

  I write in reply to the letter of November 30, 2007 of Assistant U.S. Attorney Robert Radick which responded to my letter of September 24, 2007. On behalf of The New York Times, my application was to unseal the Monitor's Final Report Part II with exhibits which has been sealed by the Court.

  Needless to say, it is difficult to respond to the Government's submission since it has not deigned to allow us to see its <u>ex parte</u> declaration, the sealed Report itself or the version of the sealed Report showing what redactions the Government believes are necessary and appropriate. Nor are we privy to the Government's explanation as to why it concludes that some sections of the Report should remain sealed and others not. Though we have no objection to some minor redactions of the Final Report, such as, perhaps, the names of secret informants, our fear from the tone of the Government letter is that it wishes to keep sealed the bulk - - and certainly many of the substantive portions - - of the Final Report. Because it is so difficult to fight against what one cannot see, we ask the Court to scrutinize particularly carefully the Government's conclusions and explanations, ever mindful that in this area of public access to filed documents, the presumption is always on openness. *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596 (1982). Just as a contract must always be construed against the drafter, so, we would submit, in the event of any close issues here, the balance should be weighed against redaction and continued sealing, both because of the presumption of access and because of the disadvantages we are put to by litigating in the blind.

  Indeed, this very round of litigation parallels the ills to the public in keeping public matters private. Just as by a continued sealing, the public is being kept from understanding pertinent facts about NYRA and its Governmental oversight, so here we are kept from understanding the explanations for the Government's dogged insistence on sealing judicial findings by a Monitor specifically ordered by the Court. Just as the public is left to speculate, perhaps incorrectly and inappropriately, on what sins NYRA might or might not be guilty of at a time when its very existence is the subject of public discussion, so we are left to speculate, perhaps incorrectly, on the rationales for the continued redactions sought by the Government. As Chief Justice Burger wrote, "People in an open society do not demand infallibility from their institutions, but it is difficult for

them to accept what they are prohibited from observing." *Richmond Newspaper, Inc v. Virginia, 448 U.S. 555, 571-72 (1980).*

Here, the redactions the Government, and Getnick and Getnick who fully joins in the Government's submission, continue to seek are based on the unsubstantiated and undocumented (to us) fear that disclosure on this very public issue "would dramatically impair law enforcement interests, undermine legitimate privacy concerns, and significantly harm the reputations of those whose privacy would be undermined." We are unaware of what ongoing law enforcement actions exist with respect to NYRA, or indeed if any exist. As stated earlier, we don't object to redactions of the names of any secret informants in the Final Report, but we do strenuously object to redactions of any information, facts or conclusions concerning the performance and behavior of NYRA or of any of its oversight agencies, including the state racing and wagering board.

The Government's reliance on privacy interests seems even more unfounded. News about the performance and future of NYRA is being reported to the public every day; just yesterday a subpoena on the monitor Mr. Getnick by a state investigations commissions was announced. NYRA's future, which will in part depend on its past performance and behavior, much of which is presumably described in the Final Report, is to be resolved by the end of the month. As State Senate majority leader Joseph Bruno was quoted as saying, "There is no more important issue at this time." (NYT 12/6/07, p.B4.) In light of the fact that NYRA operates a state franchise on behalf of the state on state property, that the oversight boards are state agencies, that all their employees are clearly newsworthy public figures whose work activities are certainly legitimate to report, it strains credulity to argue that these state employees and quasi-state workers have legitimate privacy and reputational concerns which would not easily be trumped by the newsworthiness in reporting about how they discharged their duties. And because this very public matter will reach its denouement in the coming weeks, we ask for public disclosure of the Report as soon as possible.

We appreciate the court's consideration of this matter. In the event that the Court would like any further submissions or oral argument, we would ask the Court to consider allowing us to see all of the U.S. Attorneys Office's submission.

Very truly yours,

George Freeman

cc: AUSA Robert Radick
Neil Getnick
Nick Confessore
Jim Dao

GF/pd